WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-01860-TUC-CKJ (BGM) |
| Plaintiff, | **AMENDED REPORT AND RECOMMENDATION** (amended as to Motion for Production of Grand Jury Transcript Docket Number only) |
| v. | |
| Emilio Urena-Villa, | |
| Defendant. | |

Currently pending before the Court are Defendant Emilio Urena-Villa's Motion to Dismiss Indictment [sic] Lack of Jurisdiction (Doc. 24), Motion for Production of Grand Jury Transcript (Doc. 25), and Motion to Dismiss (Commerce Clause) (Doc. 34). The Government has filed its Responses (Docs. 32, 33, 38) and no replies were filed.

Defendant is charged with nine (9) counts of knowingly possessing ammunition, having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is Burglary in the First Degree, and Aggravated Assault with a Deadly Weapon and Discharging a Firearm at a Residential Structure in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Indictment (Doc. 1) at 1. Pursuant to LRCrim. 5.1, this matter is before Magistrate Judge Macdonald for a report and recommendation. Oral argument was heard by Magistrate Judge Macdonald on June 21, 2018. Minute Entry 6/21/2018 (Doc. 51). The Magistrate Judge recommends that the District Court, after its independent review, deny Defendant's motions.

## I. FACTUAL BACKGROUND

On June 18, 2007, Defendant Emilio Urena-Villa was convicted of a felony, Case Number CR20061568 in the Arizona Superior Court for the County of Pima, for Burglary in the First Degree, Aggravated Assault with a Deadly Weapon, and Discharging a Firearm at a Residential Structure. Indictment (Doc. 1) at 1. Subsequently, Mr. Urena-Villa purchased ammunition on nine (9) separate occasions in 2017. *See id.* at 1–5. The Government asserts that agents obtained receipts and surveillance footage from a gun store in Tucson, Arizona, which establish that Mr. Urena-Villa made the purchases on the dates and in the amounts alleged in the Indictment. Govt.'s Resp. to Def.'s Mot. to Dismiss the Indict. for Lack of Jurisdiction (Doc. 32) at 1. The Government further asserts that "[a] qualified firearms expert concluded that the ammunition at issue was not manufactured in Arizona and, therefore, must have travelled in interstate commerce prior to reaching the gun store." *Id.* at 1–2. A grand jury returned the nine (9) count indictment. *See* Indictment (Doc. 1).

## II. ANALYSIS

### *A. Motion to Dismiss for Lack of Jurisdiction*

Defendant asserts that the Grand Jury lacked jurisdiction to indict, "because there could be no interstate commerce nexus that is required by the Commerce Clause and the statute." Def.'s Mot. to Dismiss [sic] Lack of Jurisdiction (Doc. 24) at 1.

"The basic purpose of the English grand jury was to provide a fair method for instituting criminal proceedings against persons believed to have committed crimes." *Costello v. United States*, 350 U.S. 359, 362, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956). "[I]n this country as in England of old the grand jury has convened as a body of laymen, free from technical rules, acting in secret, pledged to indict no one because of prejudice and to free no one because of special favor." *Id.* Furthermore, "[u]nlike [a] [c]ourt, whose jurisdiction is predicated upon a specific case or controversy, the grand jury can

investigate merely on suspicion that the law is being violated, or even because it wants assurance that it is not." *United States v. Williams*, 504 U.S. 36, 48, 112 S.Ct. 1735, 1742, 118 L.Ed.2d 352 (1992) (quoting *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 297, 111 S.Ct. 722, 726, 112 L.Ed.2d 795 (1991)) (2d & 3d alterations in original) (internal quotation marks omitted). "Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 802, 109 S.Ct. 1494, 1500, 103 L.Ed.2d 879 (1989); *see also United States v. Hickey*, 367 F.3d 888, 894 (9th Cir. 2004). "Neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act." *Costello*, 350 U.S. at 361–62, 76 S.Ct. at 408. "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." *Id.* at 363, 76 S.Ct. at 409.

Here, Defendant does not allege that the Grand Jury was biased or otherwise illegally constituted. Defendant takes issue only with the quality of the evidence presented to the Grand Jury. Defendant cannot imagine how the Government can claim that the ammunition purchased was transported to Arizona from another state or foreign country, "[w]ithout seeing the ammunition, or its container[.]" Def.'s Mot. to Dismiss [sic] Lack of Jurisdiction (Doc. 24) at 1–2. There is, however, no prescription regarding "the kind of evidence upon which grand juries must act." *Costello*, 350 U.S. at 361–62, 76 S.Ct. at 408. It is sufficient that the properly convened, unbiased Grand Jury heard the evidence presented and returned an indictment against the Defendant. As such, Defendant's Motion to Dismiss [sic] Lack of Jurisdiction (Doc. 24) must be denied.

### B. Motion to Dismiss Challenging the Constitutionality of the Commerce Clause

Defendant seeks dismissal of the indictment because Section 922(g)(1), Title 18 of the United States Code, "is unconstitutional as it exceeds the powers that are enumerated to Congress by the United States Constitution." Def.'s Mot. to Dismiss (Commerce

Clause) (Doc. 34) at 2. Defendant argues that "Congress [does not have] authority under the commerce clause to enact legislation concerning possession of ammunition that does not affect interstate commerce." *Id.* at 5. Defendant's contention is devoid of merit.

"In [*United States v. Lopez*[1]] and its progeny, the Supreme Court delineated 'three general categories of regulation in which Congress is authorized to engage under its commerce power.'" *United States v. Alderman*, 565 F.3d 641 (9th Cir. 2009) (quoting *Gonzales v. Raich*, 545 U.S. 1, 16, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005)). These include (1) "the channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, and persons or things in interstate commerce"; and (3) "activities that substantially affect interstate commerce." *Gonzales*, 545 U.S. at 16–17, 125 S.Ct. at 2205. "The 'categories have never been deemed exclusive or mandatory.'" *Alderman*, 565 F.3d at 646 (quoting *United States v. Clark*, 435 F.3d 1100, 1116 (9th Cir. 2006)). Furthermore, "[t]he categories are a guide, not a straitjacket." *Id.* (quoting *United States v. Clark*, 435 F.3d 1100, 1116 (9th Cir. 2006)).

The Supreme Court of the United States has "established what is now the controlling four-factor test for determining whether a regulated activity 'substantially affects interstate commerce." *United States v. Adams*, 343 F.3d 1024, 1028 (9th Cir. 2003) (quoting *United States v. McCoy*, 323 F.3d 1114, 1119 (9th Cir. 2003)). "These considerations are: (1) whether the regulated activity is commercial/economic in nature; (2) whether an express jurisdictional element is provided in the statute to limit its reach; (3) whether Congress made express findings about the effects of the proscribed activity on interstate commerce; and (4) whether the link between the prohibited activity and the effect on commerce is attenuated." *Id.* (citing *United States v. Morrison*, 529 U.S. 598, 610–12, 120 S.Ct. 1740, 1749–51 (2000)). "The purpose of a jurisdictional hook is to limit the reach of a particular statute to a discrete set of cases that substantially affect interstate commerce." *Alderman*, 565 F.3d at 647 (quoting *McCoy*, 323 F.3d at 1124). Moreover, "[s]uch a jurisdictional element may establish that the enactment is in

---

[1] 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995).

- 4 -

pursuance of Congress' regulation of interstate commerce." *Id.* (quoting *Morrison*, 529 U.S. at 612, 120 S.Ct. at 1751).

The Ninth Circuit Court of Appeals has expressly found Section 922(g)(1) is constitutional under the Commerce Clause. *United States v. Hanna*, 55 F.3d 1456, 1462 (9th Cir. 1995). "In *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1977), the United States Supreme Court concluded that 18 U.S.C. app. § 1202(a), the predecessor of § 922(g)(1), required only 'the minimal nexus that the firearm have been, at some time, in interstate commerce.'" *Hanna*, 55 F.3d at 1462 (quoting *Scarborough*, 431 U.S. at 575, 97 S.Ct. at 1969); *see also Alderman*, 565 F.3d at 648 (recognizing that a "jurisdictional hook" that has been "blessed" by the Supreme Court is controlling, and abrogates the need for "careful parsing of post-*Lopez* case law). "In amalgamating sections 922(g), 922(h), and 1202(a), Congress gave no indication that it meant to narrow the statutory reach with respect to possession." *Id.* (quoting *United States v. Sherbondy*, 865 F.2d 996, 1000–01 (9th Cir. 1988)). As such, "Section 922(g)'s requirement that the firearm [or ammunition] have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause." *Id.* at 1462 n.2. Accordingly, Defendant's motion to dismiss is denied.

### *C.     Motion for Grand Jury Transcript*

Finally, Defendant seeks disclosure of the Grand Jury transcripts in order to challenge jurisdiction in this matter. Def.'s Mot. for Production of Grand Jury Tr. (Doc. 25) at 2. The Government objects to disclosure. *See* Govt.'s Response (Doc. 33).

The Court "may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand jury matter: . . . (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E). In order to be entitled to early disclosure of grand jury transcripts, a particularized need must be established. *Dennis v. United States*, 384 U.S. 855, 870, 86 S.Ct. 1840, 1849, 16 L.Ed.2d 973 (1966) (citing *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400, 405,

79 S.Ct. 1237, 1241, 1244, 3 L.Ed.2d 1323 (1959)). The defense bears the burden of demonstrating a particularized need. *Id.* at 870–72, 86 S.Ct. at 1849–50; *Pittsburgh Plate Glass Co.*, 360 U.S. at 400, 79 S.Ct. at 1241. In determining whether disclosure of grand jury transcripts is appropriate, the Ninth Circuit Court of Appeals has directed district courts to consider the following:

1) whether the desired material will avoid a possible injustice;

2) whether the need for disclosure is greater than the need for continued secrecy; and

3) that only the relevant parts of the transcripts should be disclosed.

*United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. 1991). Moreover, mere speculation that improprieties occurred before the grand jury is inadequate to establish a particularized need. *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) (upholding denial of disclosure of grand jury transcripts, and holding that defendant's desire to show that the grand jury did not have sufficient evidence to prosecute and to evaluate officer testimony did not constitute a particularized need).

Here, Defendant asserts that the grand jury transcripts are necessary in order to determine that "[a] jurisdictional nexus to interstate commerce" exists, and "[w]hether false testimony was given before the Grand Jury concerning the commerce nexus." Def.'s Mot. for Production of Grand Jury Tr. (Doc. 25) at 3. It is undisputed that the Government did not seize any ammunition in connection with the Indictment; however, its firearms expert based his opinions upon the surveillance footage, and receipts related to Defendant's purchases. *See* Govt.'s Response (Doc. 33). Defendant's assertion regarding "false testimony" before the Grand Jury is purely speculative. As such, he cannot meet his burden to warrant disclosure of the grand jury transcript. Furthermore, Defendant will have the opportunity to cross examine the firearms expert at trial. *See United States v. Renzi* (*Renzi I*), 651 F.3d 1012, 1027 (9th Cir. 2011) (emphasis in original) (internal quotations and citation omitted) ("[A] grand jury's use of inadequate or incompetent evidence . . . presents a question, not of rights, but of remedies, and the

Court has determined that the regular operation of generally applicable rules of procedure and evidence at trial is the appropriate remedy."); *see also United States v. Sears, Roebuck & Co., Inc.*, 719 F.2d 1386, 1391 n.7 (9th Cir. 1983) ("[C]ourts have been disinclined to extend due process rights to grand jury proceedings.").

Disclosure of the grand jury transcript is unnecessary to avoid a possible injustice, neither has Defendant demonstrated a particularized need. Accordingly, Defendant's motion for grand jury transcripts shall be denied.

## III. CONCLUSION

Defendant's arguments regarding the grand jury's alleged lack of jurisdiction and the unconstitutionality of Section 922(g), Title 18, United States Code, are without merit. Further, Defendant has failed to demonstrate a particularized need to warrant disclosure of the grand jury transcripts in this matter.

## IV. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Judge after her independent review DENY Defendant Emilio Urena-Villa's Motion to Dismiss Indictment [sic] Lack of Jurisdiction (Doc. 24), Motion for Production of Grand Jury Transcript (Doc. 25), and Motion to Dismiss (Commerce Clause) (Doc. 34).

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. No reply shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CR-17-01860-TUC-CKJ**.

. . .

. . .

. . .

. . .

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 16th day of July, 2018.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge