**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) ) |
| vs. | ) No. CR 17-1860-TUC-CKJ (BGM) ) |
| Emilio Urena-Villa, | ) **ORDER** ) |
| Defendant. | ) ) |

On June 25, 2018, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R & R") (Doc. 57) in which he recommended the Court strike the *pro se* Motion to Dismiss Indictment (Doc. 43), Motion for a Bill of Particulars (Doc. 44), Motion for a Rebuttable Presumption Against Federal Jurisdiction (Doc. 45), and Petition to Dismiss Lack of Evidence (Doc. 56) filed by Defendant Emilio Urena-Villa ("Urena-Villa").[1] The R & R notified the parties that they had fourteen days from the date of being served with the

---

[1] While not all of the pending motions require the issuance of a report and recommendation, L.R.Crim.P. 57.6(d)(1) ("A Magistrate Judge may hear and determine a procedural or discovery motion or other pretrial matter in a civil or criminal case other than the motions which are specified in 28 U.S.C. § 636(b)(1)(A)"); 28 U.S.C. § 636(b)(1)(A) (the specified motions are "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action"). However, there is nothing prohibiting the issuance of a report and recommendation in such circumstances.

copy of the Report and Recommendation to serve and file any objections.

Urena-Villa filed an objection to the R & R (Doc. 60). Alternatively, defense counsel seeks to withdraw. The government has filed a response (Doc 62).

*Factual and Procedural Background*

On November 29, 2017, Urena-Villa was indicted on nine counts of Possession of Ammunition by a Convicted Felon. Michael Areinoff was appointed to represent Urena-Villa, but subsequently withdrew based on a conflict of interest. Peter Keller was appointed to represent Urena-Villa, but moved to withdraw because Urena-Villa was unsatisfied with the representation. John Kaufman was subsequently appointed to represent Urena-Villa.

As summarized by the magistrate judge, Urena-Villa considered representing himself, but ultimately chose to remain represented by counsel. While being represented by counsel, Urena-Villa submitted a number of motions to counsel. Counsel submitted a "Notice of Filing Motion," for each motion and attached the motions prepared by Urena-Villa to the Notices. Each Notice states the motion is being filed at the request of Urena-Villa.

On June 25, 2018, the magistrate judge issued a R & R in which he recommended the Court strike the pro se Motion to Dismiss Indictment (Doc. 43), Motion for a Bill of Particulars (Doc. 44), Motion for a Rebuttable Presumption Against Federal Jurisdiction (Doc. 45), and Petition to Dismiss Lack of Evidence (Doc. 56). Urena-Villa has filed an Objection (Doc. 60) and the government has filed a response (Doc. 62).

*Standard of Review*

The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instruction." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")

*Hybrid Representation*

Urena-Villa does not have a right to hybrid representation at trial or to serve as co-counsel. *United States v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995); *see also United States v. Turnbull*, 888 F.2d 636, 638 (9th Cir. 1989) ("hybrid representation" is where an accused assumes some of the lawyer's functions); LRCiv 83.3(c); ("Whenever a party has appeared by an attorney, that party cannot thereafter appear or act in that party's own behalf in the cause, or take any steps therein . . ."). Urena-Villa argues, however, that the motions were filed under counsel's name and that there is no attempted duplication or double argument or abuse of the system as discussed in Ninth Circuit rulings.

The Notices submitted by counsel, however, clearly do not state that counsel is filing the documents as counsel of record. Rather, counsel simply states he is submitting a motion prepared by a defendant. The filings, therefore, fail to provide standard representations to the Court. Specifically, when filing a motion in his own name, an attorney is stating that, to the best of his knowledge, a motion does not make a false statement of fact or law, does not fail to disclose legal authority in the controlling jurisdiction, and does not offer evidence that the lawyer knows to be false. Ariz.S.Ct.R. 42, RPC ER 3.3. Indeed, while allowances must be made in criminal cases, that an attorney has filed a motion typically means the attorney has a good faith basis in law and fact, *id*. at ER 3.1, to file the motion. No such assurances are made when counsel simply states he is submitting a motion prepared by a defendant.

Morevero, Urena-Villa has not presented any reason why he and counsel cannot discuss what issues he wishes to have litigated, allowing counsel to discuss the merits of those issues with Urena-Villa, with counsel ultimately determining if the filing of a motion is appropriate. Further, if such a motion is warranted, counsel's decision can include consideration of whether the proposed issue is repetitive of previous pleadings, presents a

1 viable theory, and cites supporting law. Indeed, whether a motion should be filed is
2 generally considered a strategic decision. *See e.g., United States v. Mutuc*, 349 F.3d 930, 935
3 (7th Cir. 2003) (motions in limine); *Thomas v. Varner*, 428 F.3d 491, 501 (3rd Cir. 2005)
4 (motion to suppress in-court identification). The Court will overrule this objection.

Additionally, counsel moved to withdraw if the Court did not permit Urena-Villa's motions to be filed and argument heard. Subsequently, however, the magistrate judge granted counsel's motions to withdraw. (Docs. 68 and 74). New counsel has been appointed. This portion of the objection, therefore, is overruled as moot.

Accordingly, IT IS ORDERED the Objection (Doc. 60) is OVERRULED and the Report and Recommendation (Doc. 57) is adopted.

IT IS FURTHER ORDERED, the Motion to Dismiss Indictment (Doc. 43), Motion for a Bill of Particulars (Doc. 44), Motion for a Rebuttable Presumption Against Federal Jurisdiction (Doc. 45), and Petition to Dismiss Lack of Evidence (Doc. 56) filed as attachments to Notices by defense counsel are STRICKEN.

DATED this 24th day of July, 2018.

_____
Cindy K. Jorgenson
United States District Judge